Harold E. Koreman, J.
The defendants Bucks on, Smith, Shehan and Harness Horsemen International, Inc., move to dismiss the summons and complaint, pursuant to CPLR 3211 (subd. [a], par. 8) on the ground the court does not have personal jurisdiction over them.
Two causes of action are pleaded in the complaint, the first for damages resulting from an alleged illegal boycott of horse races conducted by plaintiff, and the second for damages allegedly resulting from unlawful interference with a contract between plaintiff and certain owners and trainers of horses.
The plaintiff contends that jurisdiction may be asserted over these defendants who are nondomiciliaries under CPLR 302 (subd. [a], pars. 1, 2).
For the purpose of this motion, the allegations of the complaint must be assumed to be true, and the question of ultimate liability is to be determined only after a trial and has no bearing on the question of whether the defendants are subject to in personam jurisdiction (Longines-Wittnauer v. Barnes & Reinecke, 15 N Y 2d 443, 460). Plaintiff alleges that the three individual defendants and the moving corporate defendant, through its agent, were physically present in New York State in June and July, 1965 when they conspired together to commit and did commit the acts complained of. In paragraphs 18, 30 and 34 of the complaint it is alleged that the defendants, at Saratoga Springs, New York, “ cajoled, harangued and threatened ’ ’ the owners and trainers of horses not to enter their horses in plaintiff’s races and thereby to violate, repudiate and break an agreement between them and the plaintiff. Plaintiff further alleges that such conduct constituted an unlawful interference with the free exercise of activity in the conduct of plaintiff’s business in violation of section 340 of the General Business Law.
Defendants, in affidavits in support of the motion to dismiss, assert that they never transacted business within this State *857 within the meaning of CPLR 302 (subd. [a], par. 1), but admit being present in this State at the time the acts referred to in the complaint were alleged to have been committed. However, they contend that they were in New York for very brief periods of time and that their actions in this State did not constitute tortious conduct. Furthermore, they argue, that even assuming they came into this State in furtherance of a conspiracy which had been formed outside of New York, then the acts committed outside the State and not those committed within were tortious. Lastly, defendants contend that if plaintiff is relying on the commission of part of a tort in this State to sustain jurisdiction, it must fail since such a position was rejected in Longines-Wittnauer v. Barnes & Reinecke (supra).
It is not necessary to determine whether the defendants transacted business within this State (CPLR 302, subd. [a], par. 1), for it is clear that the complaint alleges the commission of a tortious act within this State by them. (CPLR 302, subd. [a], par. 2.)
The allegations of the complaint hereinbefore referred to would, if proven, establish that these defendants were in this State and performed acts in this State in furtherance of a conspiracy constituting a tortious act.
The complaint, read as a whole, plainly alleges that the defendants intentionally entered New York for the purpose of committing a tort herein and, while physically present in this State, did commit a tortious act. These factors clearly distinguish the instant case from Longines-Wittnauer v. Barnes & Reinecke (supra) and bring it within American Cyanamid Co. v. Rosenblatt (N. Y. L. J., Aug. 6, 1964, p. 9, col. 2, affd. 22 A D 2d 854, affd. 16 N Y 2d 621); (see Rosenblatt v. American Cyanamid Co., 86 S. Ct. 1). In addition, in Longines-Wittnauer the court was construing tortious acts constituting negligence which caused injuries and damage in this State (Feathers v. McLucas, 15 N Y 2d 443, 458), and not the type of tortious conduct alleged here.
Accordingly, the motion to dismiss is denied.